No. 11-10302


IN THE
**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

**UNITED STATES OF AMERICA,**
Plaintiff-Appellee,


v.


**JESSE WILLIAM MCGRAW,**
Defendant-Appellant.

_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION,
DISTRICT COURT NO. 3:09-CR-00210-B-1

_____

**APPELLANT'S RECORD EXCERPTS**
_____


**Kimberly S. Keller
KELLER STOLARCZYK, PLLC
234 W. Bandera Rd., No. 120
Boerne, Texas 78006
Tele: 830.981.5000
Facs: 888.293.8580**

# <u>RECORD EXCERPTS</u>

**<u>TAB</u>**

1.    Docket Sheet (R.1) ...................................................................A

2.    Indictment (R.13)/Superseding Indictment (R.125)............... B

3.    Plea Agreement/Factual Resume (R.58) ................................ C

4.    Judgment (R.224) .................................................................. D

5.    Notice of Appeal (R.222)........................................................ E

5.    Certificate of Service ............................................................F

APPEAL, CLOSED, RAMIREZ

# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: 3:09-cr-00210-B-1

Case title: USA v. McGraw                    Date Filed: 07/22/2009
Magistrate judge case number: 3:09-mj-00207-BD    Date Terminated: 03/21/2011

Assigned to: Judge Jane J Boyle

Appeals court case number: 11-10302

**Defendant (1)**

**Jesse William McGraw**                represented by   **Kimberly S Keller**
*TERMINATED: 03/21/2011*                                 The Keller Law Firm
*also known as*                                          234 W Bandera Road
GhostExodus                                              #120
*TERMINATED: 03/21/2011*                                 Boerne, TX 78006
                                                         210/857-5267
                                                         Fax: 888/293-8580
                                                         Email: kim@kellerappeals.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: CJA Appointment*

                                                         **John M Nicholson**
                                                         Federal Public Defender - Dallas
                                                         525 Griffin St
                                                         Suite 629
                                                         Dallas, TX 75202
                                                         214/767-2746
                                                         Email: john_nicholson@fd.org
                                                         *TERMINATED: 08/06/2010*
                                                         *Designation: Public Defender or
                                                         Community Defender Appointment*

                                                         **Todd A Durden**
                                                         The Durden Law Firm
                                                         131 E. Vine St.
                                                         Keller, TX 76248
                                                         817/431-0099
                                                         Fax: 817/431-0096
                                                         Email: txdurden@hotmail.com
                                                         *TERMINATED: 05/31/2011*
                                                         *Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1030(a)(5)(A) and 1030(c)(4)(B)(i)(II) TRANSMITTING A MALICIOUS CODE<br>(1) | Defendant committed to the BOP for a total term of One Hundred Ten (110) months to run concurrently with count 2. Placed on Supervised Release for a term of Three (3) years to run concurrently with count 2. Must pay restitution in the amount of $31,881.75. Must pay a special assessment of $100 on count 1 to the U.S. District Court, Northern District of Texas, Dallas Division. |
| 18 USC § 1030(a)(5)(A) and § 1030(c)(4) (B)(i)(II) TRANSMITTING A COMPUTER PROGRAM, CODE, OR COMMAND<br>(1s) | Dismissed on Government's motion |
| 18:1030(a)(5)(A) and 1030(c)(4)(B)(i)(II) and (IV) TRANSMITTING A MALICIOUS CODE<br>(2) | Defendant committed to the BOP for a total term of One Hundred Ten (110) months to run concurrently with count 1. Placed on Supervised Release for a term of Three (3) years to run concurrently with count 1. Must pay restitution in the amount of $31,881.75. Must pay a special assessment of $100 on count 2 to the U.S. District Court, Northern District of Texas, Dallas Division. |
| 18 USC § 1030(a)(5)(A) and § 1030(c)(4) (B)(i)(II) AND (IV) TRANSMITTING A COMPUTER PROGRAM, CODE, OR COMMAND<br>(2s) | Dismissed on Government's motion |
| 18 USC § 1030(a)(5)(A) and § 1030(c)(4) (B)(i)(II) TRANSMITTING A COMPUTER PROGRAM, CODE, OR COMMAND<br>(3s-14s) | Dismissed on Government's motion |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

## Complaints                                                              ## Disposition

Knowingly cause the transmission of a
program, information, code or
command, in that McGraw downloaded
a malicious code into a computer
located at 9301 North Central
Expressway, Dallas, Texas, the building
that houses the Carrel Clinic, and as a
result of such conduct, intentionally
caused damage without authorization,
to a protected computer, and the harm
threatened public health and safety, in
violation of 18 USC 1030(a)(5)(A) and
1030(c)(4)(B)(iv).

---

## Plaintiff

**USA**                                    represented by   **Candina S Heath-DOJ**
                                                            US Attorney's Office
                                                            1100 Commerce St
                                                            3rd Floor
                                                            Dallas, TX 75242-1699
                                                            214/659-8634
                                                            Fax: 214/767-2846
                                                            Email: candina.heath@usdoj.gov
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/26/2009 | 1 | COMPLAINT as to Jesse William McGraw (1). (grj) Modified on 6/30/2009 (grj). [3:09-mj-00207-BD] (Entered: 06/29/2009) |
| 06/26/2009 | | Arrest of Jesse William McGraw (grj) [3:09-mj-00207-BD] (Entered: 06/30/2009) |
| 06/29/2009 | 3 | MOTION for Pretrial Detention filed by USA as to Jesse William McGraw (grj) [3:09-mj-00207-BD] (Entered: 06/30/2009) |
| 06/29/2009 | 4 | ***CJA 23 Financial Affidavit by Jesse William McGraw (grj) [3:09-mj-00207-BD] (Entered: 06/30/2009) |
| 06/29/2009 | 5 | Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr: Appearance Through Counsel entered by John M Nicholson on behalf of Jesse William McGraw, Initial Appearance as to Jesse William McGraw held on 6/29/09., Set/Reset Hearings as to Jesse William McGraw:( Detention |

|            |     |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |
|------------|-----|---------|
|            |     | Hearing set for 7/1/2009 02:30 PM in US Courthouse, Courtroom 1409, 1100 Commerce St., Dallas, TX, 75242-1310 before Magistrate Judge Wm F Sanderson Jr., Preliminary Examination set for 7/1/2009 02:30 PM in US Courthouse, Courtroom 1409, 1100 Commerce St., Dallas, TX, 75242-1310 before Magistrate Judge Wm F Sanderson Jr.) Defendant remanded to custody. Attorney Appearances: AUSA - Candina Heath; Defense - na. (Digital File.) Time in Court: 9 Min.. (grj) [3:09-mj-00207-BD] (Entered: 06/30/2009) |
| 06/29/2009 | 6   | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Jesse William McGraw. (Ordered by Magistrate Judge Wm F Sanderson, Jr on 6/29/09) (grj) [3:09-mj-00207-BD] (Entered: 06/30/2009) |
| 06/29/2009 | 7   | ORDER OF TEMPORARY COMMITMENT as to Jesse William McGraw. Detention Hearing set for 7/1/2009 02:30 PM in US Courthouse, Courtroom 1409, 1100 Commerce St., Dallas, TX, 75242-1310 before Magistrate Judge Wm F Sanderson Jr. (Ordered by Magistrate Judge Wm F Sanderson, Jr on 6/29/09) (grj) [3:09-mj-00207-BD] (Entered: 06/30/2009) |
| 06/30/2009 | 8   | NOTICE OF ATTORNEY APPEARANCE by John M Nicholson appearing for Jesse William McGraw (Nicholson, John) [3:09-mj-00207-BD] (Entered: 06/30/2009) |
| 07/01/2009 | 9   | Minute Entry for proceedings held before Magistrate Judge Wm F Sanderson, Jr: Preliminary Hearing as to Jesse William McGraw held on 7/1/09: probable cause found., Detention Hearing as to Jesse William McGraw held on 7/1/09: detention order to enter. Attorney Appearances: AUSA - Candy Heath; Defense - John Nicholson.(Digital File.) Time in Court: 1 hr 7 min. (nbs) [3:09-mj-00207-BD] (Entered: 07/06/2009) |
| 07/02/2009 | 10  | ORDER granting 3 Motion for Detention as to Jesse William McGraw(1). See order for specifics. (Ordered by Magistrate Judge Wm F Sanderson, Jr on 7/2/09) (nbs) [3:09-mj-00207-BD] (Entered: 07/06/2009) |
| 07/22/2009 | 11  | INDICTMENT as to Jesse William McGraw (1) count(s) 1, 2. (lmp) (Entered: 07/23/2009) |
| 07/30/2009 |     | Minute Entry for proceedings held before Magistrate Judge Irma C Ramirez: Arraignment as to Jesse William McGraw (1) Count 1,2 held on 7/30/09., Plea entered by Jesse William McGraw: Not Guilty on counts 1,2. Attorney Appearances: AUSA - Paul Yanowitch; Defense - John Nicholson.(Digital File) Time in Court: 2 minutes. NO PDF ATTACHED - THIS IS A VIRTUAL MINUTE ENTRY. (lmm) (Entered: 07/30/2009) |
| 08/03/2009 | 12  | SCHEDULING ORDER as to Jesse William McGraw: Jury Trial set for 9/14/2009 09:00 AM before Judge Jane J Boyle. Motions due by 8/12/2009. Pretrial Conference set for 9/11/2009 02:00 PM before Judge Jane J Boyle. Pretrial Materials due by 9/4/2009. Responses due by 8/26/2009 See Order (Ordered by Judge Jane J Boyle on 8/3/09) (svc) (Entered: 08/03/2009) |
| 08/10/2009 | 13  | Unopposed MOTION to Continue *Trial* filed by Jesse William McGraw (Nicholson, John) (Entered: 08/10/2009) |

| 08/13/2009 | 14 | ORDER granting 13 Motion to Continue as to Jesse William McGraw (1). Motions due by 11/9/2009. Pretrial Conference set for 12/11/2009 02:00 PM before Judge Jane J Boyle. Responses due by 11/23/2009. The remainder of the Court's Criminal Trial Scheduling Order dated 8/3/2009 remains in effect. (Ordered by Judge Jane J Boyle on 8/13/2009) (klm) (Entered: 08/13/2009) |
|---|---|---|
| 08/13/2009 | | Set/Reset Scheduling Order Deadlines as to Jesse William McGraw per doc. 14: Jury Trial reset for 12/14/2009 09:00 AM before Judge Jane J Boyle. (klm) (Entered: 09/14/2009) |
| 12/02/2009 | 15 | MOTION to Continue *Trial* filed by Jesse William McGraw (Nicholson, John) (Entered: 12/02/2009) |
| 12/07/2009 | 16 | ORDER granting 15 Motion to Continue as to Jesse William McGraw (1). Jury Trial reset for 2/16/2010 before Judge Jane J Boyle. Motions due by 1/8/2010. Pretrial Materials due by 2/5/2010. Responses due by 1/22/2010. Pretrial Conference set for 2/12/2010 02:00 PM before Judge Jane J Boyle. (see order) (Ordered by Judge Jane J Boyle on 12/7/2009) (klm) . (Entered: 12/07/2009) |
| 01/07/2010 | 17 | MOTION Bill of Particulars filed by Jesse William McGraw with Brief/Memorandum in Support. (Nicholson, John) (Entered: 01/07/2010) |
| 01/15/2010 | 18 | RESPONSE by USA as to Jesse William McGraw re: 17 MOTION Bill of Particulars (Attachments: # 1 Exhibit 1) (Heath-DOJ, Candina) (Entered: 01/15/2010) |
| 01/20/2010 | 19 | REPLY filed by Jesse William McGraw re: 17 Motion for Bill Particulars. (Nicholson, John) Modified on text and linkage 1/21/2010 (axm). (Entered: 01/20/2010) |
| 02/02/2010 | 20 | ***WITHDRAWN PER ORDER/DOC. 25***PLEA AGREEMENT as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 02/02/2010) |
| 02/02/2010 | 21 | Factual Resume as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 02/02/2010) |
| 02/03/2010 | 22 | NOTICE OF HEARING as to Jesse William McGraw: Rearraignment set for 2/18/2010 at 1:30 PM in US Courthouse, Courtroom 1306, 1100 Commerce St., Dallas, TX, 75242-1310 before Judge Jane J Boyle. (psm) (Entered: 02/03/2010) |
| 02/18/2010 | 23 | ORDER as to Jesse William McGraw: Jury Trial set for 5/24/2010 09:00 AM before Judge Jane J Boyle. Motions due by 4/16/2010. Pretrial Conference set for 5/21/2010 02:00 PM before Judge Jane J Boyle. Pretrial Materials due by 5/14/2010. Responses due by 4/30/2010. (Ordered by Judge Jane J Boyle on 2/18/2010) (klm) (Entered: 02/19/2010) |
| 03/04/2010 | 24 | MOTION to Withdraw Document 20 Plea Agreement *and Declare the Plea Agreement Null and Void* filed by USA as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 03/04/2010) |
| 03/05/2010 | 25 | ORDER DECLARING PLEA AGREEMENT NULL AND VOID finding meritorious 24 Motion to Government's Motion to Withdraw, Rescind, and |

| | | |
|---|---|---|
| | | Void Plea Agreement as to Jesse William McGraw (1). (See Order) (Ordered by Judge Jane J Boyle on 3/5/2010) (skt) (Entered: 03/05/2010) |
| 03/10/2010 | 26 | MOTION for Protective Order filed by USA as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 03/10/2010) |
| 03/15/2010 | 27 | MOTION to Appoint New Counsel filed by Jesse William McGraw. (skt) (Entered: 03/16/2010) |
| 03/17/2010 | 28 | Unopposed MOTION for Hearing *to Determine Defendant's Choice Regarding Counsel* filed by Jesse William McGraw (Nicholson, John) (Entered: 03/17/2010) |
| 03/18/2010 | 29 | ORDER re 28 Motion for Hearing as to Jesse William McGraw (1). Motion Hearing set for 3/25/2010 10:00 AM before Judge Jane J Boyle. (see order) (Ordered by Judge Jane J Boyle on 3/18/2010) (axm) Modified on 3/22/2010 (skt). (Entered: 03/19/2010) |
| 03/24/2010 | 30 | MOTION for Disclosure of Informants filed by Jesse William McGraw. (skt) (Entered: 03/25/2010) |
| 03/24/2010 | 31 | MOTION for Production of Statements of Witnesses filed by Jesse William McGraw. (skt) (Entered: 03/25/2010) |
| 03/24/2010 | 32 | MOTION for Disclosure of Criminal Records of Witnesses filed by Jesse William McGraw. (skt) (Entered: 03/25/2010) |
| 03/24/2010 | 33 | MOTION for PR Bond and Memorandum in Support filed by Jesse William McGraw. (skt) (Entered: 03/25/2010) |
| 03/24/2010 | 34 | SUPERSEDING INDICTMENT as to Jesse William McGraw (1) count(s) 1s, 2s, 3s-14s. (skt) (Entered: 03/25/2010) |
| 03/25/2010 | | Minute Entry for proceedings held before Judge Jane J Boyle: Hearing as to Jesse William McGraw held on 03/25/10. Attorney Appearances: AUSA - Candy Heath; Defense - John Nicholson. (Court Reporter Shawnie Archuleta.) Time in Court: 29 minutes. NO PDF ATTACHED - THIS IS A VIRTUAL MINUTE ENTRY. (chmb) (Entered: 03/25/2010) |
| 03/29/2010 | 35 | ORDER denying 27 Motion to Appoint Counsel as to Jesse William McGraw (1). (See Order) (Ordered by Judge Jane J Boyle on 3/29/2010) (mfw) (Entered: 03/30/2010) |
| 03/31/2010 | 36 | Government's Motion to Strike Pro Se Filings as to Jesse William McGraw. (Heath-DOJ, Candina) Modified on 4/1/2010 (skt). (Entered: 03/31/2010) |
| 04/06/2010 | 37 | MOTION for Pretrial Release filed by Jesse William McGraw. (skt) (Entered: 04/07/2010) |
| 04/15/2010 | 41 | Correspondence to the Court as to Jesse William McGraw. (klm) (Entered: 04/16/2010) |
| 04/16/2010 | 38 | Unopposed MOTION to Continue *Pretrial Motions Deadline* filed by Jesse William McGraw (Nicholson, John) (Entered: 04/16/2010) |
| | | |

| 04/16/2010 | 39 | MOTION in Limine *to Preclude Testimonial Statements* filed by Jesse William McGraw (Nicholson, John) (Entered: 04/16/2010) |
| 04/16/2010 | 40 | MOTION in Limine *to Exclude Evidence* filed by Jesse William McGraw (Nicholson, John) (Entered: 04/16/2010) |
| 04/16/2010 | 42 | ORDER granting 38 Motion to Continue Pretrial Motions Deadline as to Jesse William McGraw (1). Motions due by 4/19/2010. (Ordered by Judge Jane J Boyle on 4/16/2010) (klm) (Entered: 04/16/2010) |
| 04/16/2010 | 43 | MOTION for Discovery *Reciprocal* filed by USA as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 04/16/2010) |
| 04/19/2010 | 44 | NOTICE *of Expert Witnesses or Witnesses With Expertise* filed by USA as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 04/19/2010) |
| 04/29/2010 | 45 | RESPONSE by USA as to Jesse William McGraw re: 40 MOTION in Limine *to Exclude Evidence* (Heath-DOJ, Candina) (Entered: 04/29/2010) |
| 04/29/2010 | 46 | RESPONSE by USA as to Jesse William McGraw re: 39 MOTION in Limine *to Preclude Testimonial Statements* (Heath-DOJ, Candina) (Entered: 04/29/2010) |
| 04/29/2010 | 51 | Sentencing Scheduling Order as to Jesse William McGraw: Presentence Investigation Report due by 6/25/2010. Objections to Presentence Investigation Report due by 7/21/2010. Presentence Investigation Addendum due by 7/28/2010. Objections to Presentence Investigation Addendum due by 8/4/2010. Sentencing set for 9/16/2010 01:30 PM before Judge Jane J Boyle. (See Order) (Ordered by Judge Jane J Boyle on 4/29/2010) (dnc) (Entered: 05/17/2010) |
| 05/13/2010 | 50 | MOTION for Hearing *(Re-Arraignment) and Continuance of Pretrial Materials Deadline* filed by Jesse William McGraw (Nicholson, John). Added MOTION to Continue on 5/14/2010 (skt). (Entered: 05/13/2010) |
| 05/14/2010 |  | ELECTRONIC Minute Entry for proceedings held before Judge Jane J. Boyle: Rearraignment Hearing as to Jesse William McGraw held on 5/14/2010. Plea entered by Jesse William McGraw (1) Guilty Count 1,2. Attorney Appearances: AUSA - Candy Heath; Defense - John M. Nicholson. (Court Reporter: Shawnie Archuleta) (No exhibits) Time in Court - :16. (rrr) (Entered: 05/14/2010) |
| 05/17/2010 |  | ***Clerk's Notice of Mailing: (see NEF) Docket No:51. Mon May 17 12:18:30 CDT 2010 (crt) (Entered: 05/17/2010) |
| 05/28/2010 | 52 | Mail Returned as Undeliverable. 51 Scheduling Order - Sentencing, received back from Jesse William McGraw as Return to send, attempted not known unable to forward. (svc) (Entered: 06/01/2010) |
| 06/24/2010 | 53 | MOTION to Continue *Sentencing Deadlines* filed by USA as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 06/24/2010) |
| 06/24/2010 | 54 | ORDER re 53 Motion to Continue as to Jesse William McGraw (1). Sentencing will remain set for 9/16/2010 01:30 PM before Judge Jane J |

|  |  | Boyle. Presentence Investigation Report due by 7/9/2010. Objections to Presentence Investigation Report due by 8/4/2010. Presentence Investigation Addendum due by 8/11/2010. Objections to Presentence Investigation Addendum due by 8/18/2010. (see order) (Ordered by Judge Jane J Boyle on 6/24/2010) (axm) (Entered: 06/24/2010) |
|---|---|---|
| 08/04/2010 | 56 | MOTION to Continue *Deadline to Object to the Presentence Report* filed by USA as to Jesse William McGraw (Heath-DOJ, Candina) (Entered: 08/04/2010) |
| 08/04/2010 | 57 | Unopposed MOTION to Withdraw as Attorney by John Nicholson filed by Jesse William McGraw (Nicholson, John) (Entered: 08/04/2010) |
| 08/04/2010 | 58 | Unopposed MOTION for Extension of Time *for filing Presentence Investigation Report Objections* filed by Jesse William McGraw (Nicholson, John) (Entered: 08/04/2010) |
| 08/06/2010 | 59 | ORDER REFERRING MOTION as to Jesse William McGraw re: 57 Motion to Withdraw as Attorney filed by Jesse William McGraw. (Ordered by Judge Jane J Boyle on 8/6/2010) (jrb) (Entered: 08/06/2010) |
| 08/06/2010 | 60 | ORDER granting 56 Motion to Continue Sentencing Deadline as to Jesse William McGraw (1). Sentencing set for 9/16/2010 01:30 PM before Judge Jane J Boyle. Presentence Investigation Addendum due by 8/23/2010. Objections to Presentence Investigation Report due by 8/16/2010. Objections to Presentence Investigation Addendum due by 8/31/2010. (See Order) (Ordered by Judge Jane J Boyle on 8/6/2010) (skt) (Entered: 08/06/2010) |
| 08/06/2010 | 61 | ORDER GRANTING DEFENSE COUNSEL'S 58 MOTION TO CONTINUE THE DEADLINE FOR PRESENTENCE INVESTIGATION REPORT OBJECTIONS as to Jesse William McGraw (1). (See Order) (Ordered by Judge Jane J Boyle on 8/6/2010) (skt) (Entered: 08/06/2010) |
| 08/06/2010 | 62 | ORDER granting 57 Motion to Withdraw as Attorney. John M Nicholson withdrawn from case as to Jesse William McGraw (1). (see order) (Ordered by Magistrate Judge Irma C Ramirez on 8/6/2010) (mpw) (Entered: 08/09/2010) |
| 08/06/2010 | 63 | CJA 20: Appointment of Attorney Todd A Durden for Jesse William McGraw. This appointment continues through any appeal unless counsel is relieved by court order for good cause shown. Appointed counsel should use the Attorney Timekeeping System immediately and throughout representation. For questions, consult the CJA Attorney Information page or use the directory to contact the appointing judge's courtroom deputy. Copies of public documents filed prior to this appointment may be obtained via PACER. (Ordered by Magistrate Judge Irma C Ramirez on 8/6/2010) (mcr) (Entered: 08/09/2010) |
| 08/11/2010 | 65 | Unopposed MOTION to Continue *Sentencing Dates and Deadlines* filed by Jesse William McGraw (Attachments: # 1 Proposed Order) (Durden, Todd) (Entered: 08/11/2010) |
| 11/22/2010 | 68 | ORDER SETTING HEARING ON COMPETENCY OF THE DEFENDANT |

| | | |
|---|---|---|
| | | as to Jesse William McGraw: Competency Hearing set for 12/15/2010 02:00 PM before Judge Jane J Boyle. (Ordered by Judge Jane J Boyle on 11/22/2010) (dnc) (Entered: 11/22/2010) |
| 11/22/2010 | 69 | AMENDED ORDER SETTING HEARING ON COMPETENCY OF THE DEFENDANT as to Jesse William McGraw: Competency Hearing set for 12/15/2010 02:00 PM before Judge Jane J Boyle. (Ordered by Judge Jane J Boyle on 11/22/2010) (dnc) (Entered: 11/22/2010) |
| 12/07/2010 | 70 | ORDER RESETTING HEARING ON COMPETENCY OF THE DEFENDANT as to Jesse William McGraw: Competency Hearing reset for 12/16/2010 01:30 PM before Judge Jane J Boyle. (See Order) (Ordered by Judge Jane J Boyle on 12/7/2010) (mfw) (Entered: 12/07/2010) |
| 12/16/2010 | | ELECTRONIC Minute Entry for proceedings held before Judge Jane J Boyle: Competency Hearing as to Jesse William McGraw held on 12/16/2010. Attorney Appearances: AUSA - Candina Heath; Defense - Todd Durden. (Court Reporter: Shawnie Archuleta) (No exhibits) Time in Court - :15. (chmb) (Entered: 12/16/2010) |
| 12/17/2010 | 72 | Amended Sentencing Scheduling Order as to Jesse William McGraw: Presentence Investigation Report due by 1/21/2011. Objections to Presentence Investigation Report due by 2/4/2011. Presentence Investigation Addendum due by 2/11/2011. Objections to Presentence Investigation Addendum due by 2/18/2011. Sentencing set for 3/17/2011 01:30 PM before Judge Jane J Boyle. (see order) (Ordered by Judge Jane J Boyle on 12/17/2010) (axm) (Entered: 12/17/2010) |
| 12/20/2010 | 73 | ORDER ON THE DEFENDANT'S COMPETENCY TO STAND TRIAL as to Jesse William McGraw. (see order) (Ordered by Judge Jane J Boyle on 12/20/2010) (axm) (Entered: 12/20/2010) |
| 02/04/2011 | 75 | MOTION for Extension of Time *Objections to Presentence Report* filed by Jesse William McGraw (Attachments: # 1 Proposed Order proposed order) (Durden, Todd) (Entered: 02/04/2011) |
| 02/05/2011 | 76 | ELECTRONIC ORDER granting in part and denying in part 75 Motion for Extension of Time as to Jesse William McGraw (1) (Ordered by Judge Jane J Boyle on 2/5/2011) (Judge Jane J Boyle) (Entered: 02/05/2011) |
| 03/17/2011 | 85 | Minute Entry for proceedings held before Judge Jane J Boyle: Sentencing held on 3/17/2010 for Jesse William McGraw (1), Count(s) 1, Defendant committed to the BOP for a total term of One Hundred Ten (110) months on each count of 1 and 2, the terms are to run concurrently. Placed on Supervised Release for a term of Three (3) years on each count of 1 and 2, terms are to run concurrently. Must pay restitution in the amount of $31,881.75. Must pay a special assessment of $200 to the U.S. District Court, Northern District of Texas, Dallas Division.; Count(s) 2, Defendant committed to the BOP for a total term of One Hundred Ten (110) months on each count of 1 and 2, the terms are to run concurrently. Placed on Supervised Release for a term of Three (3) years on each count of 1 and 2, terms are to run concurrently. Must pay restitution in the amount of $31,881.75. Must pay a special assessment of $200 to the U.S. District Court, Northern District of Texas, Dallas Division.. |

| | | |
|---|---|---|
| | | Attorney Appearances: AUSA - Candina S. Heath; Defense - Todd A. Durden. (Court Reporter: Shawnie Archuleta) (No exhibits) Time in Court - 2:45. (chmb) (Entered: 03/18/2011) |
| 03/21/2011 | 86 | NOTICE OF APPEAL to the Fifth Circuit by Jesse William McGraw. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. (Durden, Todd) (Entered: 03/21/2011) |
| 03/22/2011 | 87 | JUDGMENT as to Jesse William McGraw (1): Count(s) 1, Defendant committed to the BOP for a total term of One Hundred Ten (110) months to run concurrently with count 2. Placed on Supervised Release for a term of Three (3) years to run concurrently with count 2. Must pay restitution in the amount of $31,881.75. Must pay a special assessment of $100 on count 1 to the U.S. District Court, Northern District of Texas, Dallas Division.; Count(s) 2, Defendant committed to the BOP for a total term of One Hundred Ten (110) months to run concurrently with count 1. Placed on Supervised Release for a term of Three (3) years to run concurrently with count 1. Must pay restitution in the amount of $31,881.75. Must pay a special assessment of $100 on count 2 to the U.S. District Court, Northern District of Texas, Dallas Division; Count(s) 2s, 3s-14s, Dismissed on Government's motion (Ordered by Judge Jane J Boyle on 3/21/2011) (Attachments: # 1 Restitution Sheet) (twd) (Entered: 03/22/2011) |
| 03/31/2011 | 89 | Transcript Order Form: re 86 Notice of Appeal, transcript requested for Motion Hearing held on 3/25/10 before Judge Judge Jane J Boyle. (twd) Modified on 4/1/2011 (svc). (Entered: 04/01/2011) |
| 04/08/2011 | | USCA Case Number as to Jesse William McGraw 11-10302 for 86 Notice of Appeal, filed by Jesse William McGraw. (svc) (Entered: 04/08/2011) |
| 04/18/2011 | 90 | NOTICE OF FILING OF OFFICIAL ELECTRONIC TRANSCRIPT of Arraignment Proceedings as to Jesse William McGraw held on July 30, 2009 before Judge Irma Ramirez. Court Reporter/Transcriber Betty Tate, Telephone number 972-596-9442. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request - Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (3 pages) Redaction Request due 5/9/2011. Redacted Transcript Deadline set for 5/19/2011. Release of Transcript Restriction set for 7/18/2011. (Tate, Betty) (Entered: 04/18/2011) |
| 04/18/2011 | 91 | NOTICE OF FILING OF OFFICIAL ELECTRONIC TRANSCRIPT of Peliminary & Detention Proceedings as to Jesse William McGraw held on July 1, 2009 before Judge Wm. F. Sanderson. Court Reporter/Transcriber Betty Tate, Telephone number 972-596-9442. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request - Transcript must be filed within 21 days. If |

| | | no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (49 pages) Redaction Request due 5/9/2011. Redacted Transcript Deadline set for 5/19/2011. Release of Transcript Restriction set for 7/18/2011. (Tate, Betty) (Entered: 04/18/2011) |
|---|---|---|
| 04/28/2011 | 92 | Transcript Redaction Request in case as to Jesse William McGraw re: 91 Transcript filed by attorney Candina S Heath-DOJ (Heath-DOJ, Candina) (Entered: 04/28/2011) |
| 05/05/2011 | 93 | Redacted Transcript for remote electronic access re: 91 Transcript in case as to Jesse William McGraw (Tate, Betty) (Entered: 05/05/2011) |
| 05/13/2011 | 94 | ***CJA 24 as to Jesse William McGraw: Authorization to Pay Betty Tate $ 10.95 for Transcript, Voucher # 110510000002. (Ordered by Judge Jane J Boyle on 5/06/2011) (tln) (Entered: 05/16/2011) |
| 05/13/2011 | 95 | ***CJA 24 as to Jesse William McGraw: Authorization to Pay Betty Tate $ 178.85 for Transcript, Voucher # 110510000003. (Ordered by Judge Jane J Boyle on 5/6/2011) (tln) (Entered: 05/16/2011) |
| 05/20/2011 | 96 | NOTICE OF FILING OF OFFICIAL ELECTRONIC TRANSCRIPT of Hearing on Appointment of New Counsel Proceedings as to Jesse William McGraw held on March 25, 2010 before Judge Jane J. Boyle. Court Reporter/Transcriber Shawnie Archuleta, Telephone number 214-753-2747. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request - Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (25 pages) Redaction Request due 6/10/2011. Redacted Transcript Deadline set for 6/20/2011. Release of Transcript Restriction set for 8/18/2011. (spa) (Entered: 05/20/2011) |
| 05/20/2011 | 97 | NOTICE OF FILING OF OFFICIAL ELECTRONIC TRANSCRIPT of Rearraignment Hearing Proceedings as to Jesse William McGraw held on May 14, 2010 before Judge Jane J. Boyle. Court Reporter/Transcriber Shawnie Archuleta, Telephone number 214-753-2747. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request - Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (8 pages) Redaction Request due 6/10/2011. Redacted Transcript Deadline set for 6/20/2011. Release of Transcript Restriction set for 8/18/2011. (spa) (Entered: 05/20/2011) |

| 05/20/2011 | 98 | NOTICE OF FILING OF OFFICIAL ELECTRONIC TRANSCRIPT of Competency Hearing Proceedings as to Jesse William McGraw held on December 16, 2010 before Judge Jane J. Boyle. Court Reporter/Transcriber Shawnie Archuleta, Telephone number 214-753-2747. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request - Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (8 pages) Redaction Request due 6/10/2011. Redacted Transcript Deadline set for 6/20/2011. Release of Transcript Restriction set for 8/18/2011. (spa) (Entered: 05/20/2011) |
| 05/20/2011 | 99 | NOTICE OF FILING OF OFFICIAL ELECTRONIC TRANSCRIPT of Sentencing Hearing Proceedings as to Jesse William McGraw held on March 17, 2011 before Judge Jane J. Boyle. Court Reporter/Transcriber Shawnie Archuleta, Telephone number 214-753-2747. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office public terminal. If redaction is necessary, a Redaction Request - Transcript must be filed within 21 days. If no such Request is filed, the transcript will be made available via PACER without redaction after 90 calendar days. If redaction request filed, this transcript will not be accessible via PACER; see redacted transcript. The clerk will mail a copy of this notice to parties not electronically noticed. (142 pages) Redaction Request due 6/10/2011. Redacted Transcript Deadline set for 6/20/2011. Release of Transcript Restriction set for 8/18/2011. (spa) (Entered: 05/20/2011) |
| 05/24/2011 | 100 | Correspondence regarding appointed counsel as to Jesse William McGraw. (skt) (Entered: 05/25/2011) |
| 05/27/2011 | 101 | MOTION to Withdraw as Attorney by Todd A. Durden filed by Jesse William McGraw (Attachments: # 1 Proposed Order) (Durden, Todd) (Entered: 05/27/2011) |
| 05/31/2011 | | Record on Appeal for USCA5 11-10302 (related to 86 appeal) as to Jesse William McGraw: Record consisting of: 1 ECF electronic record, 4 Volume (s) electronic transcript, 1 envelope(s) PSR/SOR, certified to USCA. To request a copy of the record (on disk or on paper), contact the appeals deputy in advance to arrange delivery. (svc) (Entered: 05/31/2011) |
| 05/31/2011 | 102 | ORDER granting 101 Motion to Withdraw as Attorney. Todd A Durden withdrawn from case as to Jesse William McGraw (1). Kimberly S. Keller appointed to represent the defendant, Jesse William McGraw. (Ordered by Judge Jane J Boyle on 5/31/2011) (dnc) (Entered: 06/01/2011) |
| 06/02/2011 | | Record on Appeal for USCA5 11-10302 (related to 86 appeal) as to Jesse William McGraw: transmitted to Kimberly S Keller on disk only by mail (svc) (Entered: 06/02/2011) |

| 06/06/2011 | 103 | ***CJA 24 as to Jesse William McGraw: Authorization to Pay Shawnie Archuleta $730.00 for Transcript, Voucher # 110527000012. (Ordered by Judge Jane J Boyle on 5/26/2011) (twd) (Entered: 06/06/2011) |
| 08/02/2011 | | Supplemental Record on Appeal for USCA5 11-10302 (related to 86 appeal) as to Jesse William McGraw: Record consisting of: 1 ECF electronic record, certified to USCA. To request a copy of the record (on disk or on paper), contact the appeals deputy in advance to arrange delivery. (svc) (Entered: 08/02/2011) |
| 08/05/2011 | | Supplemental Record on Appeal for USCA5 11-10302 (related to 86 appeal) as to Jesse William McGraw: transmitted to Kim Keller on disk only by mail (svc) (Entered: 08/05/2011) |
| 08/12/2011 | | Record on Appeal and Supplemental Record on Appeal for USCA5 11-10302 (related to 86 appeal) as to Jesse William McGraw: transmitted to US Attorney's Office - Dallas on disk only by hand delivery (svc) (Entered: 08/12/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 10/10/2011 12:53:44 | | |
| **PACER Login:** | kk0514 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:09-cr-00210-B |
| **Billable Pages:** | 11 | **Cost:** | 0.88 |

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 22 2009

CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | § No. |
| JESSE WILLIAM MCGRAW (1) | § **3-09 CR 210-B** |
| also known as Ghost Exodus | § |

I N D I C T M E N T

The Grand Jury Charges:

COUNT ONE
Transmitting a Malicious Code
(18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II))

From in or about April 2009 and continuing through in or about June 2009, in the
Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**,
also known as Ghost Exodus, did knowingly cause the transmission of a program, code,
and command, and as a result of such conduct, intentionally caused damage without
authorization to a protected computer used in interstate commerce and communication
and owned by the Carrell Clinic, located at 9301 North Central Expressway, Dallas,
Texas; that is, a computer used to maintain patient medical records for the diagnosis and
treatment of the Carrell Clinic patients, in that **McGraw** transmitted a malicious program,
code, and command that gave **McGraw** the potential to modify and impair medical
examinations, diagnoses, treatments, or care of one or more individuals.

In violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II).

Indictment - Page 1

## COUNT TWO
Transmitting a Malicious Code
(18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II) and (IV))

From in or about April 2009 and continuing through in or about June 2009, in the Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**, did knowingly cause the transmission of a program, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer used in interstate commerce and communication and owned by the North Central Surgery Center and other tenants in the Carrell Clinic building, located at 9301 North Central Expressway, Dallas, Texas; that is, a HVAC computer controlling the heating, ventilation, and air conditioning for the North Central Surgery Center and other tenants, in that **McGraw** transmitted a malicious program, code, and command that gave **McGraw** the potential to modify the operations of the building HVAC system resulting in the impairment of patient medical examinations, diagnoses, treatments, or the care of one or more individuals, and threatened public health and safety.

In violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II) and (IV).

A TRUE BILL:

FOREPERSON

JAMES T. JACKS
ACTING UNITED STATES ATTORNEY

CANDINA S. HEATH
Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Telephone: 214.659.8600
candina.heath@usdoj.gov

ORIGINAL

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS

3:09-CR-210-B

| Related Case Information | |
|---|---|
| Superseding Indictment: ☐ Yes ☒ No   New Defendant: ☒ Yes ☐ No | |
| Pending CR Case in NDTX: ☐ Yes ☒ No  If Yes, number: | |
| Search Warrant Case Number 3:09-MJ-208; 3:09-MJ-209; 3:09-MJ-210 | |
| R 20 from District of  N/A | |
| Magistrate Case Number: 3:09-207-MJ | |

1.  **Defendant Information**

    Juvenile:  ☐ Yes  ☒ No

    If Yes, Matter to be sealed:

    ☐ Yes   ☒ No

    Defendant Name                        JESSE WILLIAM MCGRAW (1)

    Alias Name                             a/k/a Ghost Exodus

    Address                                2801 Trinity Oaks Dr., #328

                                           Arlington, TX 76001

    County in which offense was committed:              Dallas

2.  **U.S. Attorney Information**

    Candina S. Heath                          Bar # _ 09347450

3.  **Interpreter**

    ☐ Yes   ☒ No    If Yes, list language and/or dialect: _____

4.  **Location Status**

    ☒  Already in Federal Custody  6/29/09 in Seagoville, TX
    ☐  Already in State Custody
    ☐  On Pretrial Release

    RECEIVED
    BY
    JUL 2 2 2009
    CLERK, U.S. DISTRICT COURT
    NORTHERN DISTRICT OF TEXAS

5.  **U.S.C. Citations**

    Total # of Counts as to This Defendant:   2       ☐ Petty   ☐ Misdemeanor   ☒ Felony

| Citation | Description of Offense Charged | Count(s) |
|---|---|---|
| 18 U.S.C. § 1030(a) (5)(A) and 18 U.S.C. § 1030(c)(4)(B)(i)(II) | Transmitting a Malicious Code | 1 |
| 18 U.S.C. § 1030(a)(5)(A) and 18 U.S.C. § 1030(c)(4)(B)(i)(II) and IV | Transmitting a Malicious Code | 2 |

Date      7-13-09                    Signature of AUSA: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FILED**

JUL 22 2009

CLERK, U.S. DISTRICT COURT

By _____
      Deputy

UNITED STATES OF AMERICA

v.

JESSE WILLIAM MCGRAW (1)

**3-09CR- 2 1 0 - B**

INDICTMENT

18 U.S.C. § 1030(a)(5)(A) and § 1030(c)(4)(B)(i)(II)
Transmitting a Malicious Code

18 U.S.C. 1030(a)(5)(A) and § 1030(c)(4)(B)(i)(II) and (IV)
Transmitting a Malicious Code

2 Counts

A true bill rendered:

-------------------------------------------------------------------------

DALLAS                                                    FOREPERSON

Filed in open court this _____ day of _____, A.D. 2009.

-------------------------------------------------------------------------
                                                              Clerk

JESSE WILLIAM MCGRAW - In Custody (Seagoville)

-------------------------------------------------------------------------
UNITED STATES DISTRICT/MAGISTRATE JUDGE                    7/22/09

Criminal Complaint 3:09-MJ-207
Magistrate Case No. 3:09-207-MJ

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
**FILED**

MAR 2 4 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy          4:15 pm

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § |
| | §   No. 3:09-CR-210-B |
| JESSE WILLIAM MCGRAW (1) | §   (Supersedes Indictment returned |
| also known as Ghost Exodus | §   on July 22, 2009) |

## INDICTMENT

The Grand Jury Charges:

## INTRODUCTION

At all times material to this indictment:

1.    From October 31, 2008, until June 26, 2009, McGraw was employed as a security guard for a security firm in Dallas, Texas.

2.    From November 1, 2008, until June 26, 2009, McGraw was assigned by the security firm to work security at the North Central Medical Plaza, located at 9301 North Central Expressway, Dallas, Texas.

3.    McGraw's work shift was normally Thursday through Tuesday, from 11:00 p.m. until 7:00 a.m.

4.    The North Central Medical Plaza housed medical offices and surgery centers, to include the W.B. Carrell Memorial Clinic and the North Central Surgery Center.

5.    The W. B. Carrell Memorial Clinic provided comprehensive orthopedic care by

**Superseding Indictment - Page 1**

board certified orthopedic surgeons and staff.

6.    The North Central Surgery Center provided the premises and equipment for surgeons to perform surgical procedures.

7.    The Cirrus Group, located on the 3rd floor of the North Central Medical Plaza was a real estate development company that specialized in medical and healthcare-related real property.

8.    The following computers (or computer systems) were located within the North Central Medical Plaza, and constituted protected computers pursuant to 18 U.S.C. §1030(e)(2), in that they were used in or affecting interstate commerce or communications:

     a. The nurses' station E computer bearing the host name WBCCW125, located on the 5th floor of the North Central Medical Plaza;

     b. The HVAC computer located in a locked room of the North Central Medical Plaza and used by the building engineering staff.  The HVAC computer was used to control the Heating Ventilation and Air Conditioning for the first and second floors used by the North Central Surgery Center;

     c. The reception booth #3 room 501A computer bearing the host name WBCCW37 located on the 5th floor of the North Central Medical Plaza;

     d. The reception booth #4 room 501A computer bearing the host name WBCCW54 located on the 5th floor of the North Central Medical Plaza;

e. The manager's office room 502B computer bearing the host name WBCCW110 located on the 5th floor of the North Central Medical Plaza;

f. The north hall coordinator office room 516B computer bearing the host name WBCCW117 located on the 5th floor of the North Central Medical Plaza;

g. The north hall coordinator office room 517B computer bearing the host name WBCCW123  located on the 5th floor of the North Central Medical Plaza;

h. The north hall coordinator office room 519B computer bearing the host name WBCCW126 located on the 5th floor of the North Central Medical Plaza;

i. The nurses' station A computer room 511B computer bearing the host name WBCCW135 located on the 5th floor of the North Central Medical Plaza;

j. The nurses' station B computer room 524B computer bearing the host name WBCCW141 located on the 5th floor of the North Central Medical Plaza;

k. The front reception counter room 501A computer bearing the host name WBCCW161 located on the 5th floor of the North Central Medical Plaza;

l. The nurses' station C computer room 531B computer bearing the host name WBCCW164 located on the 5th floor of the North Central Medical Plaza;

m. The reception/front office supervisor room 506B computer bearing the host name WBCCW175 located on the 5th floor of the North Central Medical Plaza;

n. The doctors' station A PACS reading station room 510A computer bearing the host name WBCCW201 located on the 5th floor of the North Central Medical

Plaza;

o. A Dell laptop computer bearing service tag number GC1QZ41 located in the offices of The Cirrus Group on the 3rd floor of the North Central Medical Plaza; and

p. A Dell Optiplex Workstation computer bearing service tag number 8496K91 located in the offices of The Cirrus Group on the 3rd floor of the North Central Medical Plaza.

9. "Ophcrack" was a program or a set of programs which included a password recovery program and the option to boot from whatever device on which Ophcrack was installed.

10. "Logmein" was a program or a set of programs that allowed a user to remotely access computers over the Internet. McGraw maintained a Logmein account, associated with his Gmail account R62dL5.

11. "Teamviewer" was a program or a set of programs that allowed a user to remotely access computers over the Internet.

12. "Photobucket" was an image and video hosting website that allowed a user to store and share photos, images, and videos. McGraw maintained a Photobucket account with the username "ETAradio."

13. "Perfect Keylogger" was a program or a set of programs that covertly captures every keystroke on a computer, and identifies every program used, web site visited, and

all passwords and usernames entered.

14.    McGraw maintained the website "electroniktribulationarmy.com."

15.    McGraw used the name "Ghost Exodus" when communicating with other members of The Electronik Tribulation Army (ETA). ETA was a group of hackers, and McGraw used the screen name or nickname Ghost Exodus in his communications with ETA members.

16.    RxBot was also known as the W32/Sdbot.worm. It was an internet relay chat controlled backdoor, which provided an attacker with unauthorized remote access to the compromised computer. An attacker could gain control over the compromised computer and use it to send spam, install adware or launch a DDos attack on internet systems.

17.    Network Killaah.zip was an archive containing two denial of service tools, HTTP Flood and Sphinx v2.0.

MANNER AND MEANS:

It was part of the scheme to defraud that Jesse William McGraw would and did:

1.    Access offices and portions of the North Central Medical Plaza without authorization;

2.    Access North Central Medical Plaza computers and computer systems without authorization;

3.    Use one or more of the North Central Medical Plaza computers and computer systems without authorization to access his accounts with GMail, Logmein, Photobucket,

YouTube, and to maintain other accounts such as his websites, his email accounts and other websites;

4.      Take and use without permission from the North Central Medical Plaza one or more Dell laptops;

5.      Uninstall or deactivate the antivirus software on one or more of the NCMP computers and computer systems without authorization;

6.      Download or run on one or more of the North Central Medical Plaza computers and computer systems without authorization, certain tools, programs, or set of progams, to include Ophcrack, Logmein, Teamviewer, Network Killaah, Google Toolbar, RxBot, and Perfect Keylogger;

7.      Insert USB drives or CDs into the North Central Medical Plaza computers and computer systems to transmit and facilitate the transmission of programs, codes, and commands without authorization;

8.      Attempt to delete and eliminate any trace of his activities on the North Central Medical Plaza computers and computer systems;

9.      Communicate with members of the ETA and with individuals through the Internet.

Count One
Transmitting a Computer Program, Code, or Command
(18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II))

1. The Grand Jury realleges and incorporates the Introduction and Manner and Means Sections of the Superseding Indictment.

2. Between on or about November 1, 2008 and on or about June 26, 2009, in the Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**, also known as Ghost Exodus, did knowingly cause the transmission of a program, code, and command, and as a result of such conduct, intentionally caused damage without authorization to WBCCW125, a protected computer used in interstate commerce and communication and owned by the Carrell Clinic, located in the North Central Medical Plaza at 9301 North Central Expressway, Dallas, Texas; that is, a computer used to maintain patient information and medical records for the diagnosis and treatment of the Carrell Clinic patients, in that **McGraw** transmitted a program, code, and command that gave **McGraw** the ability to modify, impair, and potentially modify and impair medical examinations, diagnoses, treatments, and care of one or more individuals.

In violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II).

## Count Two
Transmitting a Computer Program, Code, or Command
(18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II) and (IV))

1. The Grand Jury realleges and incorporates the Introduction and Manner and Means Sections of the Superseding Indictment.

2. Between on or about November 1, 2008 and on or about June 26, 2009, in the Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**, did knowingly cause the transmission of a program, code, and command, and as a result of such conduct, intentionally caused damage without authorization to a protected computer used in interstate commerce and communication and owned by the North Central Surgery Center and other tenants in the Carrell Clinic building, located at 9301 North Central Expressway, Dallas, Texas; that is, a HVAC computer controlling the heating, ventilation, and air conditioning for the North Central Surgery Center and other tenants, in that **McGraw** transmitted a program, code, and command that gave **McGraw** the ability to modify, impair, and potentially modify and impair the operations of the building HVAC system resulting in the impairment of patient medical examinations, diagnoses, treatments, and the care of one or more individuals, and threatened public health and safety.

In violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II) and (IV).

## Counts Three Through Fourteen
### Transmitting a Computer Program, Code, or Command
### (18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II))

1. The Grand Jury realleges and incorporates the Introduction and Manner and Means Sections of the Superseding Indictment.

2. Between on or about November 1, 2008 and on or about June 26, 2009, in the Dallas Division of the Northern District of Texas, defendant **Jesse William McGraw**, also known as Ghost Exodus,  did knowingly cause the transmission of a computer program, code, and command, and as a result of such conduct, intentionally caused damage without authorization to the following protected computers:

| Count | Computer |
|-------|----------|
| 3 | WBCCW37 |
| 4 | WBCCW54 |
| 5 | WBCCW117 |
| 6 | WBCCW123 |
| 7 | WBCCW126 |
| 8 | WBCCW133 |
| 9 | WBCCW135 |
| 10 | WBCCW141 |
| 11 | WBCCW161 |
| 12 | WBCCW164 |
| 13 | WBCCW175 |
| 14 | WBCCW201 |

3.   Each computer identified in paragraph 2 above was used in interstate commerce and communication, owned by the Carrell Clinic, located on the 5th floor of the North Central Medical Plaza at 9301 North Central Expressway, Dallas, Texas, and used to maintain patient information and medical records for the diagnosis and treatment of the Carrell Clinic patients; in that **McGraw** transmitted a program, code, and command that gave **McGraw** the ability to modify, impair, and potentially modify and impair medical examinations, diagnoses, treatments, and care of one or more individuals.

All in violation of 18 U.S.C. §1030(a)(4) and §1030(c)(3)(A).

A TRUE BILL

FOREPERSON

JAMES T. JACKS
UNITED STATES ATTORNEY

CANDINA S. HEATH
Assistant United States Attorney
State of Texas Bar No. 09347450
1100 Commerce Street, 3rd Floor
Dallas, Texas 75242
Telephone: 214.659.8600
candina.heath@usdoj.gov

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
MAR 2 4 2010
CLERK, U.S. DISTRICT COURT
By _____ Deputy  4.15pm

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

JESSE WILLIAM MCGRAW (1)                3:09-cr-210-B

SUPERSEDING INDICTMENT

18 U.S.C. § 1030(a)(5)(A) and § 1030(c)(4)(B)(i)(II)
Transmitting a Computer Program, Code, or Command

18 U.S.C. 1030(a)(5)(A) and § 1030(c)(4)(B)(i)(II) and (IV)
Transmitting a Computer Program, Code, or Command

14 Counts

A true bill rendered:

----------------------------------------------------------------------
DALLAS                                                      FOREPERSON

Filed in open court this 24th day of ___March___, A.D. 2010.

----------------------------------------------------------------------
                                                                Clerk
JESSE WILLIAM MCGRAW - In Custody (Seagoville)
----------------------------------------------------------------------
UNITED STATES DISTRICT/MAGISTRATE JUDGE
Criminal Complaint 3:09-MJ-207
Magistrate Case No. 3:09-207-MJ
Criminal No. 3:09-CR-210-B

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS

<table>
<tr><td colspan="2" align="center">**Related Case Information**</td></tr>
<tr><td colspan="2">Superseding Indictment: [X] Yes [ ] No    New Defendant: [ ] Yes [X] No</td></tr>
<tr><td colspan="2">Pending CR Case in NDTX: [X] Yes [ ] No  If Yes, number: 3:09-CR-210-B</td></tr>
<tr><td colspan="2">Search Warrant Case Number 3:09-MJ-208; 3:09-MJ-209; 3:09-MJ-210</td></tr>
<tr><td colspan="2">R 20 from District of N/A</td></tr>
<tr><td colspan="2">Magistrate Case Number: 3:09-207-MJ</td></tr>
</table>

1. **Defendant Information**

   Juvenile: [ ] Yes [X] No

   If Yes, Matter to be sealed:

   [ ] Yes  [X] No

   Defendant Name _____ JESSE WILLIAM MCGRAW (1)

   Alias Name _____ a/k/a Ghost Exodus

   Address _____ 2801 Trinity Oaks Dr., #328

   _____ Arlington, TX 76001

   County in which offense was committed: _____ Dallas

2. **U.S. Attorney Information**

   Candina S. Heath _____    Bar # 09347450

3. **Interpreter**

   [ ] Yes [X] No    If Yes, list language and/or dialect: _____

   RECEIVED
   MAR 2 4 2010
   4:15 PM
   CLERK, U.S. DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS

4. **Location Status**

   X  Already in Federal Custody  6/29/09 in Seagoville, TX
      Already in State Custody
      On Pretrial Release

5. **U.S.C. Citations**

   Total # of Counts as to This Defendant:   14    [ ] Petty    [ ] Misdemeanor   [X] Felony

   | Citation | Description of Offense Charged | Count(s) |
   |---|---|---|
   | 18 U.S.C. § 1030(a)(5)(A) and 18 U.S.C. § 1030(c)(4)(B)(i)(II) | Transmitting a Computer Program, Code or Command | 1 |
   | 18 U.S.C. § 1030(a)(5)(A) and 18 U.S.C. § 1030(c)(4)(B)(i)(II) and (IV) | Transmitting a Computer Program, Code or Command | 2 |
   | 18 U.S.C. § 1030(a)(5)(A) and 18 U.S.C. § 1030(c)(4)(B)(i)(II) | Transmitting a Computer Program, Code or Command | 3-14 |

Date  3-18-2010 _____    Signature of AUSA:  _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:09-CR-210-B |
| | § | |
| JESSE WILLIAM MCGRAW (1) | § | |
| also known as Ghost Exodus | § | |

PLEA AGREEMENT

Jesse William McGraw, John Nicholson, the defendant's attorney, and the United

States of America (the government), agree as follows:

1.    **Rights of the defendant**:  McGraw understands that he has the rights

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his
        defense; and

    e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:  McGraw agrees to waive these

rights and plead guilty to the offense alleged in Counts One and Two of Indictment,

charging in each count a violation of 18 U.S.C. §1030(a)(5)(A) and §1030(c)(4)(B)(i)(II),

Plea Agreement - Page 1

USCA5 58

that is transmitting a malicious code. (Count two also includes §1030(c)(4)(B)(i)(IV)).

McGraw understands the nature and elements of the crime to which he is pleading guilty.

He agrees that the factual resume he has signed is true and understands that it will be

submitted as evidence.

3.    **Sentence**:  The maximum penalties the Court can impose in <u>each</u> count

include:

    a.    imprisonment for a period not to exceed ten years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a mandatory term of supervised release of not less than 2 years nor more than 3 years, which must follow any term of imprisonment.  If McGraw violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which McGraw agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision; and

    g.    forfeiture of property.

4.    **Sentencing agreement**:  Pursuant to Rule 11(c)(1)(C), the government and

McGraw agree that it is an appropriate disposition of the case for the sentences of

incarceration imposed in Count One and Count Two to run concurrently.  The parties

further agree that the sentence of incarceration shall not exceed 78 months.  If the Court

Plea Agreement - Page 2

accepts this plea agreement, this provision is binding on the Court. Other than the recommendations for the imposition of concurrent sentences and a maximum exposure of 78 months incarceration, the Court remains free to determine the appropriate sentence, under the advisory United States Sentencing Guidelines. Pursuant to Rule 11(c)(5), if the Court rejects this plea agreement, the Court shall afford McGraw the opportunity to withdraw his plea and advise the defendant that, if he persists in his guilty plea, the Court is not bound by the plea agreement and the disposition of the case may be less favorable than that contemplated by the plea agreement.

5.    **Mandatory special assessment:**  McGraw agrees to pay to the U.S. District Clerk the amount of $200, in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's agreement**:  McGraw shall give truthful and complete information and/or testimony concerning his participation in the offense of conviction. Upon demand, McGraw shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

USCA5 60

7.     **Voluntary Forfeiture:** The defendant agrees to forfeit all right, title, and

interest in following property to the United States of America:

| | |
|---|---|
| blue notebook containing ECPA printout | 3 ring binder white ETA |
| FBI badge "liam wraith" with photo | 3 ring binder white Anti New World Order Domestic Intelligence Survival Handbook |
| hacker meeting notes | sunglasses |
| grey hoodie | On Line Business Guide |
| 6 DVD's<br>3 blank<br>-night of living dead<br>-pirates of the caribbean<br>-remix music video | AT&T Modem |
| | FBI Badge |
| | 2 G memory stick with saved files from games scanning and hacking tools; |
| cell phone jammer | |
| lock pick tool kit | 5 SIM cards; 1 16 mb multimedia card |
| Security Officer patch | foldup keyboard |
| clipboard with 4 pages<br>- Alleged Hacking article<br>- Anarchist Cookbook | binoculars |
| | green notebook "The Black Friday Null" |
| Dell Lattitude laptop service tag 1PRQGC1 | manila folder with<br>- Issac Guest (6 pages)<br>- gmail (11 pages)<br>- 3/15/09 lined paper and death threats |
| Ironhorse CD-R | |
| Compaq desktop sn#CNH54Y0JQ2 | |
| GPS | Listing of standard assignments port numbers (p2-252) |
| gas mask (costume) | User Manual Portable Mobile Signal Jammer |
| definition list (4 pages) | |
| CD-R enter the matrix - patch for game | McGraw business card |
| 3 ring binder black | |

Plea Agreement - Page 4

USCA5 61

| | |
|---|---|
| Blue Body Armor | thumb drive Oph Crack |
| credit card skimmer/reader | 4 g memory card - left for dead game files and photos of mcgraw computer at CC |
| 6 credit cards<br>DL McGraw<br>Voter's card Gonzalez<br>paper with Sander's info<br>paper with phone numbers<br>exodus network security card | AT&T cell phone (slide out) |
| | motorola silver flip |
| | yellow notebook |
| CD-R ghostexodus tool box, "leached" folder containing checking account numbers; identifiers; 12 different usernames and passwords; levi strauss computer information | composition book |
| | Paper tab marked trojan |
| | security plus book |
| | Security card in plastic clear case |
| CD-R file back ups 3/13/09 encrypted files | paper with commands to hacking a WEP |
| hallowed out book | red book security study guide |
| CD-R contains toolkit for hacking | pen with USB thumbdrive |
| ID making kit & document manufacturing kit | sony playstation with 4 G memory stick, containing instructions for hacking WEP and images of ETA |
| reserved | Motorola silver cell phone |
| Red Wallet | Sony Laptop SN 28312230-3517531 |
| Carrell Clinic security card | travel power car adapter |
| Non-Commissioned Security Officer card from TDPS | |
| DL McGraw | |

The defendant agrees the above-described property was used or intended to be used to

commit or to facilitate the commission of the offenses alleged in Counts One And Two of

Plea Agreement - Page 5

the Indictment and was derived from proceeds traceable to those offenses. The defendant

agrees to the forfeiture of the above-described property to the United States of America as

a result of his conviction for the offenses alleged in Counts One and Two and pursuant to

18 U.S.C. § 1030(j). The defendant consents to the entry of orders of forfeiture for the

above-described property and waives any requirements of Rules 7, 32.2, and/or 43(a) of

the Federal Rules of Criminal Procedure regarding the forfeiture proceedings (including

notice through a forfeiture allegation). The defendant acknowledges and understands that

the forfeiture of the above-described property is part of the sentence which may be

imposed in this case and waives any requirement of the Court to advise him/her of the

same pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The

defendant agrees to provide truthful information and evidence necessary for the

government to effect the forfeiture of the above-described property. The defendant

waives all challenges (constitutional, statutory, habeas, etc.) to the forfeiture of the

above-described property and agrees to hold the government, its officers, agents, and

employees harmless from any claims whatsoever in connection with the seizure,

forfeiture, storage, or disposal of the above-described property.

     8.    **Government's agreement:** The government will not bring any additional

charges against McGraw based upon the conduct underlying and related to defendant's

plea of guilty. The government will file a Supplement in this case, as is routinely done in

every case, even though there may or may not be any additional terms. The government

will dismiss, after sentencing, the remaining charges in the pending

indictment/information as to McGraw . This agreement is limited to the United States

Attorney's Office for the Northern District of Texas and does not bind any other federal,

state, or local prosecuting authorities, nor does it prohibit any civil or administrative

proceeding against McGraw or any property.

     9.    **Violation of agreement:**  McGraw understands that if he violates any

provision of this agreement, or if his guilty plea is vacated or withdrawn, the government

will be free from any obligations of the agreement and free to prosecute McGraw for all

offenses of which it has knowledge.  In such event, McGraw waives any objections based

upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other than a

finding that it was involuntary, McGraw also waives objection to the use against him of

any information or statements he has provided to the government, including any resulting

leads.

     10.    **Voluntary plea:**  This plea of guilty is freely and voluntarily made and is

not the result of force or threats or of promises apart from those set forth in this plea

agreement.

USCA5 64

11.    **Waiver of right to appeal or otherwise challenge sentence**:  McGraw waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.  He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.  McGraw, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.    **Representation of counsel**:  McGraw has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.  McGraw has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, McGraw has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

Plea Agreement - Page 8

USCA5 65

13.    **Entirety of agreement**: This document is a complete statement of the
parties' agreement and may not be modified unless the modification is in writing and
signed by all parties.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____    1-28-2010
CANDINA S. HEATH    Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Tel: 214.659.8600
Fax: 214.767.2846
candina.heath@usdoj.gov

APPROVED:

_____    1-28-10
LINDA C. GROVES    Date
Deputy Criminal Chief

    I have read (or had read to me) this Plea Agreement and have carefully reviewed
every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____    1-29-10
JESSE WILLIAM MCGRAW    Date
Defendant

    I am the Jesse William McGraw's counsel. I have carefully reviewed every part of
this Plea Agreement with the defendant. To my knowledge and belief, my client's
decision to enter into this Plea Agreement is an informed and voluntary one.

_____    1-29-10
JOHN NICHOLSON    Date
Attorney for Defendant

Plea Agreement - Page 9

USCA5 66

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA     §
§
v.     §     No. 3:09-CR-210-B
§
JESSE WILLIAM MCGRAW (1)     §
also known as Ghost Exodus     §

## FACTUAL RESUME

Jesse William McGraw, John Nicholson, the defendant's attorney, and the United

States of America (the government), agree that the following accurately states the

elements of the offense and the facts relevant to the offense to which the defendant is

pleading guilty:

**Elements:**

1.    In order for the defendant to be convicted at trial of a violation of 18 U.S.C.

§1030(a)(5)(A) and §1030(c)(4)(B)(i)(II) (and in Count Two §1030(c)(4)(B)(i)(IV)), the

United States would have to prove each of the following elements of the offense beyond a

reasonable doubt:

First:       That McGraw, through means of a computer used in interstate commerce or
communications, knowingly caused the transmission of a program,
information, code, or command to another computer or computer system, as
charged;

Factual Resume -- Page 1

Second:    That McGraw, by causing the transmission intended to damage the receiving computer, computer system, information, data or program, and withhold or deny, or cause the withholding or denial, of the use of a computer, computer services, system, or network, information, data or program;

Third:    That McGraw so acted without the authorization of the persons or entities who own or are responsible for the computer system receiving the program, information, code, or command; and

Fourth:    That McGraw's acts potentially modified or impaired, the medical examination, medical diagnosis, medical treatment, or medical care of one or more individuals; *and*

*for Count Two*
*Fifth:*    *That McGraw's acts potentially created a risk to public health and safety.*

## Facts:

1.    From October 30, 2008, until June 26, 2009, McGraw was employed as a security guard for United Protection Services, a security firm in Dallas, Texas. From November 1, 2008, until June 26, 2009, McGraw was assigned by United Protection Services to work security at the North Central Medical Plaza, located at 9301 North Central Expressway, Dallas, Texas. The North Central Medical Plaza housed medical offices and surgery centers, to include the W.B. Carrell Memorial Clinic[1] and the North Central Surgery

---

[1]    The W. B. Carrell Memorial Clinic provides comprehensive orthopaedic care by board certified orthopaedic surgeons and staff.

**Factual Resume -- Page 2**

Center[2]. Generally, McGraw's shift was Thursday through Tuesday, from 23:00[3] until 07:00. McGraw's assignment constituted a position of trust.

2.    The following computers (or computer systems) were located within the North Central Medical Plaza, and constituted protected computers pursuant to 18 U.S.C. §1030(e)(2), in that they were used in or affecting interstate commerce or communications.

a. The Nurses Station E computer had the host name WBCCW125 and was located on the 5th floor of the North Central Medical Plaza. The computer was used to track a patients progress through the W.B. Carrell Memorial Clinic. Medical staff also used the computer to reference a patient's personal identifiers, billing records, and medical history.

b. The HVAC computer was located in a locked room of the North Central Medical Plaza and was used by the building engineering staff. The HVAC computer was used to control the Heating Ventilation and Air Conditioning for the first and second floors used by the North Central Surgery Center.

3.    McGraw gained physical access to approximately 14 computers located in the North Central Medical Plaza, including the two identified above. McGraw does not have specific recollection of installing (transmitting) "Logmein," an application program that

---

[2]    The NCSC provides state-of-the-art equipment for surgeons to perform procedures in the speciality areas of General Surgery; Gastroenterology (GI); Gynecology; Ophthalmology; Orthopedic; Pain Management; Plastic Surgery; Podiatry; Ear, Nose and Throat; Bariatric; Spine; and Urology.

[3]    All time will be referenced in military time.

USCA5 69

allows remote access to computers, to all of the computers that he physically accessed. However, McGraw does have specific recollection of transmitting Logmein to some of the computers and does not contest that he transmitted Logmein to the remainder. The Logmein installation was unauthorized and compromised the integrity of the computer systems and the associated network by allowing unauthorized, remote access by McGraw and anyone with access to his Logmein account name and password. McGraw also impaired the integrity of some, but not all, of the computer systems by removing security features, e.g. uninstalling anti-virus programs, which made the computer systems and related network more vulnerable to attack. McGraw also installed a malicious code and program (sometimes called a "bot") on some, but not all, of the computers. "Bots" are usually associated with theft of data from the compromised computer, using the compromised computer in denial of service attacks, and using the compromised computer to send spam. In this case, McGraw intended to use the "bot" to launch a denial of service attack on the website of a rival "hacker" group. McGraw installed the "bot" known as "RxBot" on some of the compromised computers and controlled the compromised computers from an IRC terminal under his control, specifically the servers eta.myvnc.com and eta2.myvnc.com.

4.      McGraw intended to impair the integrity of the accessability of the computers and computer systems, by turning off the security protocols, and by creating a means by which he could remotely access the computers and computer systems. Therefore, by installing (transmitting) the Logmein program and the RxBot program, McGraw damaged and

intended to damage the computers or computer systems as defined by 18 U.S.C. §1030(e)(8).

5.    McGraw knew these actions would damage[4] the security of and integrity of these systems. McGraw advocated taking these kinds of actions in order to adversely affect the integrity of systems in instructions that he posted online for members of his "Electronik Tribulation Army" (ETA) and other individuals interested in committing crime against computers.

6.    On or about February 12, 2009, McGraw abused the trust placed in him as a security guard and bypassed the physical security to the room in the North Central Medical Plaza containing the HVAC computer. At approximately 23:35, McGraw without authorization began the download (transmission) of "Ophcrack-vista-livecd-2.1.0.iso," a password recovery tool from the website sourcefourge.net. Ophcrack has both lawful and malicious applications. McGraw used Ophcrack in a malicious manner to recover passwords from some, but not all, of the compromised computers. McGraw does not specifically recall that he also used the HVAC computer to download and then install (transmit) without authorization Team Viewer 4, a remote access program. However, McGraw does not contest that he did so. McGraw does not specifically recall circumventing the security software McAfee and adding Teamviewer to the list of allowed programs in McAffee. However, McGraw does

---

[4]    "Damage" is defined in 18 U.S.C. §1030(e)(8) as "any impairment to the integrity or availability of data, a program, a system, or information."

**Factual Resume -- Page 5**

not contest that he did so. By February 13, 2009, at approximately 01:19 McGraw again without authorization physically accessed the HVAC computer and inserted a removeable storage device named "HARD DISK X" and executed the program daemon4301-lite.exe which allowed McGraw to emulate a CD/DVD device with the removeable storage device. McGraw used "Sonic Record Now," a CD/DVD burning software, to create a bootable CD image using a previously downloaded "OphCrack-xp-livecd.iso".

7.      On or about April 28, 2009, at about 01:47, McGraw abused the trust placed in him as a security guard and accessed without authorization the Nurses Station E computer. In a video created and narrated by McGraw, McGraw appears to insert into the computer a CD containing the OphCrack program to bypass any passwords or security. McGraw also appears to insert a removeable storage device into the computer which he claimed contained a malicious program or code, called RxBot. FBI found the CD containing the OphCrack program in McGraw's house and found the source code for the RxBot on McGraw's laptop. The application log shows that at the time the video was created, McGraw did disengage the McAfee VirusScan Enterprise program on the computer, which turned off the existing security features making the computer more vulnerable to attack.

8.      On or about April 7, 2009, at approximately 02:30, McGraw abused the trust placed in him as a security guard and bypassed the physical security to the room in the North Central Medical Plaza containing the HVAC computer. The application log shows

Factual Resume -- Page 6

that, at approximately 03:12, McGraw installed (transmitted) Logmein to the HVAC computer. Although McGraw does not have specific recollection of successfully transmitting Logmein to the HVAC computer, he does have specific recollection of attempting to do so and does not contest that it was successfully done. Furthermore, McGraw admits that he did use his Logmein account to gain unauthorized, remote access to the HVAC computer.

9.    On or about the following dates, McGraw remotely accessed without authorization the HVAC computer:

| DATE | TIME | DURATION |
|------|------|----------|
| 04/13/09 | 07:21 | 5m:43s |
| 04/13/09 | 07:24 | 2m:37s |
| 04/13/09 | 20:09 | 55m:31s |
| 04/14/09 | 06:50 | 2m:38s |
| 04/14/09 | 06:56 | 14m:15s |

10.    McGraw was not authorized, and knew that he was not authorized, to physically or remotely access any of these computers or computer systems located within the North Central Medical Plaza. McGraw was not authorized, and knew that he was not authorized, to transmit any programs, codes, or command to these computers or computer systems.

11.    McGraw was aware that some of the computers he compromised, such as the Nurses Station E computer, were used to access and review medical records. McGraw

USCA5 73

claims that he did not review or modify patient medical records and the government is not aware of any evidence to the contrary. However, by gaining administrator access to these computers, McGraw would have had the ability to modify these records if he took additional steps such as circumventing additional security measures.

12.    McGraw was aware that the HVAC computers were used to maintain the environmental controls at the facility. While McGraw claims that did not plan to adversely affect the actual climate in the facility or harm any of the facility's patients or employees, he knew that by modifying the HVAC computer controls he could affect the temperature of the facility. By affecting the environmental controls of the facility, he could have affected the treatment and recovery of patients who were vulnerable to changes in the environment. In addition, he could have affected treatment regimes, including the efficacy of any or all of the temperature sensitive drugs.

13.    McGraw understands that the cost to remediate the compromised computers and computer systems with the North Central Medical Plaza exceeded $30,000, but was less than $70,000.

USCA5 74

JAMES T. JACKS
UNITED STATES ATTORNEY

_____     1-29-2010
CANDINA S. HEATH                    Date
Assistant United States Attorney
Texas State Bar No. 09347450
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Tel:  214.659.8600
Fax: 214.767.2846
candina.heath@usdoj.gov

I have read (or had read to me) this Factual Resume and have carefully reviewed every part of it with my attorney.  I fully understand it and I swear that the facts contained herein are true and correct.

_____     1-29-10
JESSE WILLIAM MCGRAW                 Date
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this Factual Resume with the defendant.  To my knowledge and belief, my client's decision execute this Factual Resume is an informed and voluntary one.

_____     1-29-10
JOHN NICHOLSON                      Date
Attorney for Defendant

**Factual Resume -- Page 9**

Case 3:09-cr-00210-B   Document 85-1   Filed 03/22/11   Page 1 of 61

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

MAR 22 2011

CLERK, U.S. DISTRICT COURT
By_____
Deputy

&AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1   TXND Mod - 09/28/04

# ORIGINAL

# UNITED STATES DISTRICT COURT

__Northern__   District of   __Texas - Dallas Division__

UNITED STATES OF AMERICA

V.

**JESSE WILLIAM MCGRAW**

a/k/a  Ghost Exodus

**JUDGMENT IN A CRIMINAL CASE**

Case Number: **3:09-CR-210-B(01)**

USM Number: **38690-177**

**Todd A. Durden**
Defendant's Attorney

## THE DEFENDANT:

[✓] pleaded guilty to count(s)   __1 and 2 of the Indictment filed on July 22, 2009.__

[ ] pleaded nolo contendere to count(s) _____
which was accepted by the court.

[ ] was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1030(a)(5)(A) & (c)(4)(B)(i)(II) | Transmitting a Malicious Code | June 2009 | 1 |
| 18 USC § 1030(a)(5)(A), (c) (4)(B)(i)(II), & (IV) | Transmitting a Malicious Code | June 2009 | 2 |

The defendant is sentenced as provided in pages 2 through   __7__   of this judgment.  The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[✓] Count(s) __all counts on the Superseding Indictment__   [ ] is  [✓] are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 17, 2011**
Date of Imposition of Judgment

_Signature of Judge_

**JANE J. BOYLE**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**March 21, 2011**
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
           Sheet 2 — Imprisonment   TXND Mod - 9/28/04

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **ONE HUNDRED TEN (110) MONTHS ON EACH COUNTS OF 1 AND 2, TO RUN CONCURRENTLY.**

[✓] The court makes the following recommendations to the Bureau of Prisons:
**The court recommends the defendant be designated to FCI Fort Worth or FCI Seagoville.**
**The court recommends the defendant have no access to computers while incarcerated in the Bureau of Prisons.**

[✓] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____ [ ] a.m. [ ] p.m.   on _____ .

    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before _____ on _____ .

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | Judgment—Page 3 of 7 |

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
   **Three (3) years on each of Counts 1 and 2 to run concurrently.**


The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release

| | Judgment—Page __4__ of __7__ |
|---|---|

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## SPECIAL CONDITIONS OF SUPERVISION

Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant is ordered to pay restitution in the amount of $31,881.75, payable to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas, 75242. Restitution shall be payable immediately and any unpaid balance shall be payable during incarceration. Restitution shall be disbursed to:

W.B. Carrell Memorial Clinic
Attn: P. Thomas Blair
Amount: $26,468.75

United Surgical Partner International
Attn: Robin Shaw
Amount: $4,413

The Cirrus Group
Attn: Jason Todd
Amount: $1,000

If upon commencement of the term of supervised release any part of the restitution remains unpaid, the defendant shall make payments on such unpaid balance in monthly installments of not less than 10 percent of the defendant's gross monthly income, or at a rate of not less than $50 per month, whichever is greater. Payment shall begin no later than 60 days after the defendant's release from confinement and shall continue each month thereafter until the balance is paid in full. In addition, at least 50 percent of the receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money shall be paid toward the unpaid balance within 15 days of the receipt. This payment plan shall not affect the ability of the United States to immediately collect payment in full through garnishment, the Treasury Offset Program, the Inmate Financial Responsibility Program, the Federal Debt Collection Procedures Act of 1990 or any other means available under federal or state law. Further, it is ordered that interest on the unpaid balance is waived pursuant to 18 USC § 3612(f)(3).

The defendant shall provide to the probation officer any requested financial information.

The defendant shall pay any remaining balance of restitution in the amount of $31,881.75, as set out in this Judgment.

The defendant shall participate in workforce development programs and services involving activities relating to occupational and career development, including but not limited to assessments and testing, educational instruction, training classes, career guidance, counseling, case management, and job search and retention services, as directed by the probation officer until successfully discharged from the program.

The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month. The defendant shall consent to the probation officer's conducting ongoing monitoring of his/her computer(s). The monitoring may include the installation of hardware and/or software systems that allow evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in any way. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software may be disabled or removed at any time during the term of supervision at the discretion of the probation officer.

The defendant shall submit to periodic unannounced examination of his/her computer(s), storage media, and/or other electronic or Internet-capable devices performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such systems for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

The defendant shall not use any computer other than the one the defendant is authorized to use, without prior approval from the probation officer.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
Sheet 3C — Supervised Release  TXND Add - 09/28/04

Judgment—Page   5    of    7

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

The defendant shall not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his/her employer in the performance of his/her job-related duties.

The defendant shall provide the probation officer with accurate information about his/her entire computer system. The defendant's email shall only be accessed through a pre-approved application.

The defendant shall not install new hardware, perform upgrades, or effect repairs on his/her computer system, without receiving prior permission from the probation officer.

The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name, designation, or an alias.

The defendant shall not view, possess, and/or compose any material that describes or promotes the unauthorized access to computer systems.

The defendant shall not purchase, download, possess, and/or install software applications whose primary purpose is to scan and detect vulnerabilities in computer networks or to cause damage to other computer systems.

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties    TXND Mod 2 - 09/28/04

Judgment — Page ___6___ of ___7___

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $  200 | $  N/A | $  31,881.75 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution), payable to the U.S. District Clerk to be disbursed to the following payee(s) in the amount(s) listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Restitution Ordered | Priority or Percentage |
|---|---|---|
| W.B. Carrell Memorial Clinic<br>Attn: P. Thomas Blair | $  26,468.75 | N/A |
| United Surgical Partner International<br>Attn: Robin Shaw | $  4,413.00 | N/A |
| The Cirrus Group<br>Attn: Jason Todd | $  1,000.00 | N/A |

| TOTALS | $  31,881.75 |
|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
   ☑ the interest requirement is waived for the  ☑ fine  ☑ restitution.
   ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

AO 245B  (Rev. 12/03) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments    TXND Mod 1 - 09/28/04

Judgment — Page __7__ of __7__

DEFENDANT: **JESSE WILLIAM MCGRAW**
CASE NUMBER: **3:09-CR-210-B(01)**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☑ Payment to begin immediately (may be combined with ☐ C, ☑ D, or ☑ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☑ Payment in equal **monthly** (e.g., weekly, monthly, quarterly) installments of $ **50** over a period of **XXXXXXX** (e.g., months or years), to commence **60** (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:
  **It is ordered that the defendant shall pay to the United States a special assessment of $200, for Counts 1 and 2, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the U.S. District Clerk, 1100 Commerce Street, 14th Floor, Dallas, Texas 75242.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

V - 1

**3:09-CR-00210 - USA v. JESSE WILLIAM MCGRAW (001)**
**Total Amount of Restitution: $31,881.75**

W.B. CARRELL MEMORIAL CLINIC
ATTN: P. THOMAS BLAIR
9301 NORTH CENTRAL EXPRESSWAY
SUITE 400
DALLAS, TX 75231
Amount: $26,468.75



UNITED SURGICAL PARTNERS INT.
ATTN: ROBIN SHAW
15305 DALLAS PARKWAY
SUITE 1600
ADDISON, TX 75001
Amount: $4,413.00

THE CIRCUS GROUP
ATTN: JASON TODD
9301 NORTH CENTRAL EXPRESSWAY
SUITE 300
DALLAS, TX 75231
Amount: $1,000.00

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO.  3:09-CR-210-B |
| | § | |
| JESSE WILLIAM MCGRAW (01) | § | |

## **NOTICE OF APPEAL**

Notice is hereby given that pursuant to 28 U.S.C. § 1291 and 18 U.S.C. §3742, defendant  Jesse McGraw, through undersigned counsel, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the conviction and sentence in this matter.

Respectfully submitted,

_____
Todd A. Durden
State Bar of Texas No. 06276680
THE DURDEN LAW FIRM
5750 Rufe Snow Drive, Suite 130
North Richland Hills, Texas  76180
(817) 581–9900     fax (817) 581–9985
E-mail: durdenlawyer@att.net
*Attorney for Defendant Jesse William McGraw*

## CERTIFICATE OF SERVICE

I certify that on March 21, 2011, I electronically filed the foregoing document with the Clerk of Court for the United States District Court, Northern District of Texas, using the electronic case filing (ECF) system of the Court, and thereby served it on all counsel of record in this case.

_____
Todd A. Durden

## <u>CERTIFICATE OF SERVICE</u>

I, Kimberly S. Keller, certify that today, October 14, 2011, a copy of Appellant's Brief and Record Excerpts were served, via this Court's e-filing system, on opposing counsel, Assistant U.S. Attorney Nancy Larson. I also certify that a hard copy of Appellant's Brief and Record Excerpts have been served on the defendant-appellant Jesse William McGraw at the following address: Jesse William McGraw, No. 38690-177, FCI Seagoville, P.O. Box 9000, Seagoville, TX  75159.


_____
Kimberly S. Keller